Louis REED, George Whitney, and Chauffeurs, Teamsters and Helpers Local Union No. 7, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Plaintiffs,

v.

Thomas ROUMELL, Regional Director of the Seventh Region of the National Labor Relations Board, Defendant.

Civ. A. No. 20125.

United States District Court
E. D. Michigan, S. D.

June 24, 1960.

National Labor Relations Act cited as Section 8(b) (7) (C).[1] The pertinent section provides for an expedited election under certain conditions. The exact wording appears under provision (7) of Section 8(b) which first states that it shall be an unfair labor practice for a labor organization to picket for recognition or organizational purposes:

"* * * (C) where such picketing has been conducted without a petition under section 159(c) of this title being filed within a reasonable period of time not to exceed thirty days from the commencement of such picketing: *Provided*, That when such a petition has been filed the Board shall forthwith, without regard to the provisions of section 159(c) (1) of this title or the absence of a showing of a substantial interest on the part of the labor organization, direct an election in such unit as the Board finds to be appropriate and shall certify the results thereof: * * *" 29 U.S.C. A. § 158(b) (7) (C).

Also pertinent here is Section 9(c) (1) of the National Labor Relations Act, as amended: [2]

"Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

"(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in subsection (a) of this section, or (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in subsection (a) of this section; or

Hugh Hafer, of Goldberg, Previant & Cooper, Milwaukee, Wis., George Fitzgerald, Detroit, Mich., for plaintiffs.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Norton J. Come, Assistant Gen. Counsel, Duane B. Beeson, Allan I. Mendelsohn, Attys., N. L. R. B., Washington, D. C., for defendant.

THORNTON, District Judge.

The parties here are in agreement that this has been prepared and presented to the Court as a test case. The question involved is one of first impression. The issue exists because of the September 14, 1959 amendment to the

---

1. 29 U.S.C.A. § 158(b) (7) (C).

2. 29 U.S.C.A. § 159(c) (1).

"(B) by an employer, alleging that one or more individuals or labor organizations have presented to him a claim to be recognized as the representative defined in subsection (a) of this section;

the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof."

There is no dispute about the factual basis upon which the legal issue must be determined. Plaintiffs and defendant, both in the briefs and at the oral argument, have stated unequivocally that this is so. Briefly summarized the facts are these:

The individual plaintiffs are employees of the Peterson Spring Company of Kalamazoo, Michigan. Local No. 7 is adequately identified in the title hereto, as is defendant Thomas Roumell.

Local No. 7 commenced peaceful picketing of Peterson on April 12, 1960 for the purpose of compelling the Company to recognize the Union as a bargaining representative for its employees, who at that time were not represented by any other labor organization.

The next day, April 13, 1960, Local No. 7 filed a representation petition with the Seventh Region of the N.L.R.B. seeking an election.

Five days later, April 18, the individual plaintiffs Reed and Whitney filed with the N.L.R.B. unfair labor practice charges alleging a violation of Section 8(b) (7) of the N.L.R.A. The charges as filed were prepared by Local No. 7 and signed by the two individual plaintiffs without their having either prepared or instigated any part thereof. It is not disputed that the charges were filed for the express purpose of invoking the expedited election procedure hereinbefore described. After investigation and after consultation with the General Counsel's office in Washington, D. C., defendant Roumell dismissed the unfair labor charges which had been filed. According to the rules and regulations of the Board the holding of an expedited election is contingent upon the filing of an unfair labor practice charge under Section 8(b) (7). The charge which was filed in this case having been considered not bona fide [3] and therefore dismissed, the position of the Board was that absent a valid unfair labor practice charge no expedited election could be directed. This action was then commenced to compel the defendant to direct such an election. The contention is made that the regulation requiring that a charge be filed under Section 8(b) (7) as a prerequisite to the directing of an expedited election under Section 8(b) (7) (C) is in conflict with the provisions of said Section and is therefore void.

Section 8 of the National Labor Relations Act concerns unfair labor practices. It lists various types of conduct which are deemed to be unfair labor practices for an employer and those which are deemed to be unfair labor practices for a labor organization or its agents. The September 14, 1959, amendment lists additional types of conduct deemed to be in this category. In relation to those unfair labor practices already proscribed for a labor organization or its agents, the amendment lists seven more, the seventh of which we have adverted to in the opening paragraph herein. As to this seventh, there are three qualifying subparagraphs, the third one of which, (C), here pertinent, we have quoted above.

3. Because of having been filed by or on behalf of the picketing union—in effect, a charge filed against one's self.

Counsel for the respective parties are to be commended for the thoroughness of the briefs which they have filed with the Court. They present clearly the arguments in support of the respective positions of the parties. It appears to us that there is merit to each position, and that a clear-cut answer in resolution of the conflict is not apparent. There is a degree of illogic present in each position, and there is no possibility of compromise. There is no determination that we can make here which is entirely satisfying to us. The Court must, nevertheless, determine either affirmatively or negatively the plaintiffs' right to an expedited election. We must therefore choose between two possible statutory interpretations, neither of which is invulnerable. Plaintiffs rely on a statutory right to an expedited election which right they claim they are entitled to pluck from the verbiage of the new amendment. They say there exists no qualification to the right, provided there is picketing for recognition or organizational purposes, and that a timely petition has been filed. Defendant says that the right is qualified to the extent that there must be in existence a bona fide question of an unfair labor practice, and that this must be evidenced by a valid unfair labor practice charge. We find ourselves taking the view that Section 8(b) (7) (C) must be taken as a part of the integrated pattern of Sections 8 and 9. These two sections provide the definitive framework for the processing of unfair labor practice charges and of elections. Any subsection thereof must be read as subordinate to or dependent upon the overall plan. It does not seem justifiable that a dependent or subordinate qualification should be lifted out of its context and set up as an independent right. If it were intended to confer a primary or independent right to an expedited election entirely separated from the statutory scheme, it would seem that such intention would have manifested itself in a more forthright manner, rather than in the shy seclusion of Section 8(b) (7) (C). The mechanics of the Board's operations of which complaint is here made by plaintiffs are not inconsistent with the existing statutory scheme, as we view the pattern of Sections 8 and 9. Our determination here is that the expedited election is invocable when and if the terms and conditions from which it would naturally be generated have been met. These include, as a prerequisite, the existence of an alleged unfair labor practice charge. Such charge must be a valid one. This requirement, of course, is not met by the filing of the charge by one against one's self. The Board's regulation is held to be within its delegated powers and within the fairly interpreted intendment of the Act.

For the foregoing reasons, the complaint is hereby dismissed.